JjPLOTKIN, Judge.
Plaintiff Gertrude Zeringue appeals a trial court summary judgment in favor of defendant Louisiana Insurance Guaranty Association (LIGA), as successor to defendant Liberty Lloyds Insurance Co., finding that her rejection of uninsured motorist coverage in a automobile liability insurance policy was valid. For the reasons which follow, we reverse and remand.
This ease arises out of a September 15, 1992, automobile accident which Ms. Ze-ringue claims caused her personal injuries. Ms. Zeringue filed suit against Isaac Gibbs, claiming that he rear-ended the vehicle in which she was a passenger. After the coverage under Gibbs’s liability policy with Liberty Lloyd’s Insurance Company had been exhausted, Ms. Zeringue sought coverage under her own automobile liability insurance policy. Ms. Zeringue’s policy, which was also issued by Liberty Lloyd’s, provided the minimum bodily injury coverage of $10,000 per person/$20,000 per accident. Although the application for insurance which Ms. Ze-ringue completed contained a purported rejection of UM coverage, Ms. Zeringue filed suit against Liberty Lloyd’s, claiming that the purported rejection failed to meet the statutory requirements for a valid rejection of UM coverage under Louisiana law. Thereafter, Liberty Lloyd’s was declared insolvent and LIGA was substituted as a party defendant in its stead.
JaAU of Ms. Zeringue’s claims, except the UM claim, were settled. The UM claim was submitted to the trial court on cross motions for summary judgment. The trial court granted the motion in favor of LIGA, finding that Ms. Zeringue’s rejection of UM coverage was valid, and dismissed Ms. Zeringue’s suit. Ms. Zeringue appeals that decision.
The applicable jurisprudential rules for determining whether an insured party’s rejection of UM coverage in an automobile liability insurance policy is valid were most recently explained by the Louisiana Supreme Court in Tugwell v. State Farm, Insurance Co., 609 So.2d 195 (La.1992), as follows:
At all times relevant to this case, La. Rev.Stat. Sec. 22:1406(D)(l)(a) required uninsured motorist (UM) coverage “in not less than the limits of bodily injury liability provided by the policy.” However, such UM coverage was not required “where any insured named in the policy [rejected] in writing the coverage or select[ed] lower limits.” The statute did not specify how a rejection or selection of lower limits was to be effected. This court has held a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. Fur *924 ther, the insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a “meaningful selection” from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
Id. at 196-97 (citations omitted; emphasis added).
The reasons for judgment issued by the trial court in the instant case reveal that the basis for the granting of the motion for summary judgment in favor of LIGA was the trial court’s conclusion that the insurer was required only to offer the insured party two options regarding UM coverage under the facts of this case. Noting that Louisiana law contains a $10,000 minimum for UM insurance company and that the automobile liability policy coverage was $10,000 in the instant case, the trial judge found that the insurer was required to offer only two options — UM coverage equal to the liability coverage or rejection of all UM coverage. The insurer was not required to offer the third option— UM coverage lower than the liability coverage, the court concluded, because such a choice would have been meaningless under the facts of this case.
IsMs. Zeringue attacks that decision on two grounds: (1) that the trial court incorrectly found that the insurer in this case was required to offer only two UM coverage options, and (2) that the trial court incorrectly found that the rejection was valid. Because we agree with Ms. Zeringue’s arguments on the second issue, we pretermit discussion of the first issue.
Our de novo review of the record evidence in this case revealed that the trial court incorrectly granted the motion for summary judgment. The parties admit in oral argument that the insurance agreement is the only evidence presented at the trial court. On its face, that agreement does not support a finding that the insurer gave the insured party any options concerning UM insurance. The document simply notes under the heading “UM Insurance” that it is “Not Incl.” presumably meaning that it is not included. At the bottom of the application, the insured party signed beneath the following statement:
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I hereby reject Uninsured Motorists Bodily Injury Coverage.
LIGA argues that the insurance application was a computer-generated form completed after the insurance agent properly offered all pertinent options to the insured party; while Ms. Zeringue claims that the “Not Incl.” notation and the rejection notice quoted above was pre-typed on the application. We note however that the emphasized portion of the Tugwell case requires that the “form used by the insurance company” give the insured party the opportunity to make a “meaningful selection” among his various UM options. The form submitted certainly does not meet that requirement. Further, the fact that the parties disagree concerning the nature of the form itself is sufficient to raise a genuine issue of material fact, making summary judgment inappropriate in this case.
Accordingly, the trial court judgment granting LIGA’s motion for summary judgment is hereby reversed. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.